WALTER WENDT v. HELEN WALLACE AND OTHERS.[1]

March 24, 1933.

No. 29,373.

*Roderick Dunn,* for appellant.
*Baldwin, Holmes, Mayall & Reavill,* for respondent.

HILTON, JUSTICE.

This is the second appeal in this action. The first appeal was by defendant insurance company from a judgment against it. The judgment was reversed. The history of the litigation up to and including the first appeal appears in 185 Minn. 189, 240 N. W. 470, 471. Upon the going down of the remittitur plaintiff made a mo-

[1]Reported in 247 N. W. 569.

tion to the trial court for an order reopening the case for the purpose of receiving further evidence on his behalf and in the alternative for an order vacating the decision and judgment and for a new trial of the action, upon the ground of errors of law occurring at the trial and excepted to at the time or assigned as error in the notice of motion, and upon the further ground of material evidence newly discovered which with reasonable diligence could not have been found and produced at the trial. This appeal is from an order of the trial court denying the motion.

Gamble was the operator of a public garage. Oman was one of his employes. The negligence of the latter resulted in the injuries to plaintiff for which judgment was recovered. The decision on the former appeal was predicated on the conclusion that the following limiting coverage language in the policy—

"This agreement shall exclude any obligation of the Company * * * to any person or organization, other than the named Assured, operating an automobile repair shop, public garage, sales agency or service station, and arising out of the operation thereof"— excluded Oman from coverage as well as Gamble. The majority opinion held [185 Minn. 190]:

"The language in the policy is plain. The intent is clear. Coverage was extended to those driving with permission of the assured. It is equally plain and clear that the company saw fit to limit the extended coverage so as to eliminate the class of risks arising from the handling and operation of the car by persons identified and connected with repair shops, public garages, sales agencies, and service stations. Gamble's garage was a 'public garage.' Such limitation is based upon reason."

The insurance company issued its policy to Helen Wallace on May 4, 1927. It covered liability for injuries sustained by others resulting from accidents occurring in the use of her automobile. The policy form was known as the edition of May, 1925. When the policy expired on May 4, 1928, the company, instead of issuing a new policy, issued a renewal receipt continuing the previous policy

in force for another year. The accident happened October 16, 1928. At the trial of the action (from the result of which the former appeal was taken) plaintiff offered in evidence a form of a 1928 edition policy issued by the company subsequent to the happening of the accident, in which the language of the clause limiting coverage was:

"This agreement shall exclude any obligation of the company * * * to any person or organization, *or employe of such person or organization* (italics ours) other than the named assured, operating an automobile repair shop, public garage, sales agency, or service station and arising out of the operation thereof."

With the offering of this evidence plaintiff frankly admitted that there was no ambiguity in the wording of the policy in suit. The evidence as to the new clause was offered "as bearing on the question of the intent of the company with reference to some of the clauses which were or that are in issue in this action, as showing that they [the company] have placed a practical construction upon one or more of those clauses." An objection to the admission of the new form of policy was sustained. An offer of proof was then made to show that the defendant (company) subsequent to the date of the accident extended the exclusion "to exclude any obligation of the company to any person or organization or employe thereof operating an automobile repair shop, public garage, * * * and arising out of the operation thereof." An objection to the offer was sustained. Exceptions were taken to both rulings.

It will be remembered that plaintiff prevailed at the trial, and defendant (insurance company) appealed from the judgment entered against it, which was here reversed. The errors of law advanced on the present appeal place in question the correctness of the above rulings.

The policy (renewal) sued upon established a contractual relationship between the parties. This court held that its language was plain; that there was no ambiguity in it; and that the intent thereof was clear. The proffered evidence as to the new form of policy could be of no aid to the court in construing the plain, clear, and unambiguous provisions in the contract which was in force.

It needed no extraneous aid. Had the language of the policy not been plain, had an ambiguity existed, or had the intent of the parties not been clear, then resort might be had to extrinsic circumstances that would aid in the interpretation thereof. Wilmot v. Minneapolis A. T. Assn. 169 Minn. 140, 210 N. W. 861. This court on the former appeal had before it the entire subject matter, and held that under the language of the policy Oman, the employe by whose negligence the accident occurred, was excluded from coverage.

The new form of policy was used most likely to make more clear and certain what was actually expressed in the earlier form and to prevent any likelihood of contentions such as were made in this case. To accomplish that purpose the change made was not only proper but commendable; it would avoid, in the interest both of the insurer and insured, the incurring of needless and useless litigation. In Bell v. American Ins. Co. 173 Wis. 533, 538, 181 N. W. 733, 735, 14 A. L. R. 179 (involving a different policy coverage) the court among other things said:

"It seems not improbable that the form exempting such liability is sometimes used by defendant to avoid such contentions as were there [referring to Dougherty v. Ins. Co. 38 Pa. Co. Ct. R. 119] made. We do not think the introduction of the second form throws any light on the proper construction of the contract before us."

It was well said by the court below (in commenting on the Wisconsin decision):

"So here it would seem that the use of another policy containing the express words 'or employe of such person or organization,' could just as well be considered as an attempt to avoid such a contention as is being made here. It is difficult to see how the use of those words proves an intent to subject the defendant insurer to a wider liability in the earlier policy."

The claimed newly discovered evidence, as disclosed by the affidavit of counsel for plaintiff, was that prior to and contemporaneously with the renewal of the Wallace policy the defendant came out with, edited, and was issuing a contract of insurance in addi-

tion to the previous form and covering the same class of risks involved in the policy in question and identical with it, except that the language of exclusion extended to an employe—being the second provision hereinbefore quoted. What has been heretofore said as to the inadmissibility of the new policy form applies with equal force to the claim of newly discovered evidence; such evidence, no matter when discovered, would not be material or of any aid to the court in construing clear and unambiguous language appearing in the policy here involved.

Affirmed.